IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CRIMINAL ACTION: 1:21-00028-KD-B |
| ) | |
| AYODELE ELIJAH ABOLARINWA, ) | |
|    Defendant. ) | |

**ORDER**

This matter is before on a Notice of Appeal (Doc. 267), Motion to withdraw and for appointment of appellate counsel (Doc. 269), and Motion for an extension of time to file appeal (Doc. 268) filed by counsel (ChaLea Tisdale) for Defendant Abolarinwa (counsel).

On December 19, 2022, Judgment issued in this case. (Doc. 252). As summarized by the Eleventh Circuit in United States v. Mathauda, 817 Fed. Appx. 930, 931 (11th Cir. Aug. 21, 2020):[1]

> In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after entry of the judgment or order being appealed. Fed. R. App. P. 4(b)(1)(A)(i). ... If a deadline falls on a Saturday, Sunday, or legal holiday, the time to file continues to run until the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. App. P. 26(a)(1)(C).
>
> Rule 4(b)(4) authorizes the district court to grant a 30-day extension of the 14-day deadline in a criminal case based on a finding of good cause or excusable neglect. Fed. R. App. P. 4(b)(4). In criminal cases, we have customarily treated a late notice of appeal, filed within the 30 days during which an extension is permissible, as a motion for extension of time and remanded to the district court for a finding of excusable neglect. United States v. Ward, 696 F.2d 1315, 1317-18 (11th Cir. 1983). However, if a criminal defendant's notice of appeal is filed more than 30 days after the expiration of the initial 14-day appeal period, then the defendant is not eligible for relief under Rule 4(b)(4). See United States v. Lopez, 562 F.3d 1309, 1314 (11th Cir. 2009) (noting that Rule 4(b)(4) allowed the district court to extend the time for

---

[1] Fed. R. App. P. Rule (b)(4) provides:

Motion for Extension of Time. Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

filing a notice of appeal by no more than 30 days after the initial deadline). A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket." Fed. R. App. P. 4(b)(6). Counsel had 14 days from the date the Judgment was entered on the docket to appeal; thus, the appeal was due to be filed no later than January 3, 2023.

On January 18, 2023, counsel filed a Notice of Appeal along with the other motions set forth *supra*. (Doc. 267). Such was filed within the 30 day period to seek extensions. In same, counsel seeks as 30 day extension of time from the January 3, 2023 deadline within which to appeal. As noted *supra*, Rule 4(b)(4) provides for such an extension of time upon a finding of excusable neglect or good cause. As grounds for the motion, counsel specifies that she has been ill and was hospitalized recently for four (4) days and so missed the 14 day deadline to file a notice of appeal due to illness. As noted in United States v. Cruz, 2017 WL 6025325, *1 (M.D. Ala. Dec. 5, 2017):

> The 2002 advisory committee's notes explain the distinction between these two standards in the context of Rule 4(a)(5), the civil analogue to Rule 4(b):
>
>> "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."
>
> ... 4(a)(5)(A)(ii) advisory committee's note; see also United States v. Ruiz-Guifarro, 469 Fed.Appx. 805, 806 n.2 (11th Cir. 2012) (applying rule in criminal context)....
>
> In determining whether "excusable neglect" occurred, the court considers four factors: (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Walter v. Blue Cross & Blue Shield United of Wis., 181 F.3d 1198, 1201 (11th Cir. 1999).

Upon consideration, counsel's illness was out of her reasonable control and there is no indication of bad faith. Additionally, the delay amounts to 15 days, is still within the 30 day timeframe, and counsel has already filed the Notice of Appeal on January 18, 2023. Moreover, the Court can discern no prejudice on the United States in granting the request. Further, "[c]ircumstances which might give rise to a finding of excusable neglect include ... illness of counsel, and unpredictable events affecting the feasibility of appeal." United States v. Bostic, 2004 WL 7334378, *3 (M.D. Fla. Nov. 5, 2004) (citing 9 MOORE'S FEDERAL PRACTICE ¶ 204.13[1.-3] at 4-105 to 4-106). Thus, the motion for an extension (Doc. 268) is **GRANTED** as counsel has demonstrated excusable neglect justifying an additional 30 days to file a notice of appeal.

Concerning the motion to withdraw and appoint appellate counsel, counsel's request to withdraw as counsel for Defendant Abolarinwa is **GRANTED** and appellate counsel from the SDAL Criminal Justice Act Panel shall be appointed for Defendant Abolarinwa.

**DONE** and **ORDERED** this the **2nd** day of **February 2023.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**